# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2023 WY 19

*October Term, A.D. 2022*

**March 8, 2023**

| | |
|---|---|
| **BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,** | |
| **Petitioner,** | |
| **v.** | **D-23-0002** |
| **STACY L. ROSTAD, WSB #6-3592,** | |
| **Respondent.** | |

## ORDER OF PUBLIC CENSURE

[¶1]    **This matter** came before the Court upon a Report and Recommendation for Public Censure, filed herein January 30, 2023, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 16 of the Wyoming Rules of Disciplinary Procedure. The Court notes Respondent has not filed an objection to the Board of Professional Responsibility's Report and Recommendation. The Court, after a careful review of the Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent Stacy L. Rostad should be publicly censured for her conduct.  It is, therefore,

[¶2]    **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]    **ADJUDGED AND ORDERED** that Stacy L. Rostad is hereby publicly censured for her conduct, which is described in the Report and Recommendation for Public Censure; and it is further;

[¶4]    **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Ms. Rostad shall reimburse the Wyoming State Bar the amount of $3,377.81, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Ms. Rostad shall pay the total amount of $4,127.81 to the Wyoming State Bar on or before May 15, 2023.  If Ms. Rostad fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶5]    **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶6]    **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶7]    **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent Stacy L. Rostad.

[¶8]    **DATED** this 8th day of March, 2023.

                                        **BY THE COURT:**

                                        /s/

                                        **KATE M. FOX**
                                        **Chief Justice**

**BEFORE THE SUPREME COURT**

**STATE OF WYOMING**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JAN 30 2023

SHAWNA GOETZ, CLERK

| | |
|---|---|
| *In the matter of* | ) |
| *STACY L. ROSTAD,* | ) |
| *WSB No. 6-3592,* | )     *Docket No. 2021-101* |
| | ) |
| *Respondent.* | ) |

**REPORT AND RECOMMENDATION FOR ORDER OF PUBLIC CENSURE**

THIS MATTER came before a Hearing Panel of the Board of Professional Responsibility for hearing on December 8 and 9, 2022. Hearing Panel members Debra J. Wendtland, Robert C. Jarosh and Janine Thompson were present, as were Mark W. Gifford, Bar Counsel, Stacy L. Rostad, Respondent, and her counsel, Scott E. Ortiz. The Hearing Panel, after hearing the testimony of witnesses and receiving voluminous exhibits, and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows:

<u>Findings of fact</u>

1.     On August 19, 2022, the Review and Oversight Committee (ROC) authorized Bar Counsel to bring a formal charge against Respondent Stacy L. Rostad. On August 22, 2022, Bar Counsel filed a formal charge alleging Respondent violated Rules 3.3 and 3.4 of the Wyoming Rules of Professional Conduct through Respondent's actions in a family law matter.

2.     Respondent is a private practitioner with an office in Laramie, Wyoming. She was admitted to the Wyoming State Bar in 2003.

3.     This formal charge arises from Respondent's representation of Amy Elise Evans in post-divorce custody and visitation proceedings[1] in the Second Judicial District Court, Albany

---

[1] Amy Evans and Spencer Sharpe divorced in 2018 pursuant to a stipulated decree of divorce that provided they would share custody of their two minor daughters. Respondent did not represent Ms. Evans in the divorce proceeding.

County, Wyoming. The opposing party was Spencer Steven Sharpe ("Spencer"). Spencer and his parents, Lily Sharpe and Steven Sharpe, submitted a complaint to the Office of Bar Counsel in late October 2021 alleging Respondent committed violations of numerous Rules of Professional Conduct in her representation of Ms. Evans. Lily and Steven Sharpe were also petitioners in a companion grandparent visitation case against Ms. Evans.

4. As part of the custody and visitation action, Respondent signed and mailed a Wyoming subpoena in early July 2021 to Centennial Peaks Hospital ("Centennial Peaks"), a Colorado facility where Spencer sought treatment in 2015, three years before the couple's divorce. The subpoena bore the caption of the Wyoming action. The subpoena was provided to all counsel of record.

5. On July 7, 2021, Centennial Peaks informed Respondent via email of numerous problems and legal deficiencies with the subpoena. Respondent was notified by Centennial Peaks that (1) the subpoena had not been properly domesticated in Colorado; (2) Colorado and federal law controlled production of confidential documents; (3) Colorado law did not allow for release of the records without the consent of the patient or an enforceable order by a court of competent jurisdiction; and (4) no consent for the release from the patient had been provided by Respondent. Centennial Peaks informed Respondent that it would not produce the requested records. Despite providing counsel of record a copy of the subpoena, Respondent did not also inform Spencer's lawyer that the subpoena was only sent to Centennial Peak by U.S. mail (as opposed to properly served) or of the Centennial Peak responsive communication.

6. Unaware of the July 7, 2021, email from Centennial Peaks to Respondent, on July 9, 2021, Spencer filed a motion to quash the subpoena. In a response to Spencer's motion to quash filed July 29, 2021, Respondent argued that Centennial Peaks was subject to the Wyoming Mental Health Professions Practice Act, W.S. § 33-28-101 *et seq*. Neither counsel informed the Court of

2

the fact that Centennial Peaks was located in the state of Colorado. Only Respondent was aware that she had not formally served the subpoena on Centennial Peaks or of Centennial Peaks' numerous, July 7, 2021, email objections, to the subpoena. Thereafter, Respondent did not inform either the Court or opposing counsel of those important facts.

7. On August 25, 2021, District Court Judge Tori Kricken, the presiding judge on the case, issued an order denying Spencer's motion to quash, adopting the arguments advanced by Respondent in opposition to the motion, and ordering Centennial Peaks to produce the documents.After receiving Judge Kricken's order, Respondent wrote again to Centennial Peaks on September 21, 2021, provided a copy of the order and requested that Centennial Peaks comply with the subpoena.

8. Centennial Peaks then retained Wyoming counsel to seek relief from Judge Kricken's order denying Spencer's motion to quash. The ensuing motion filed October 6, 2021, informed Judge Kricken that (1) Respondent's unserved subpoena to an out-of-state non-party was improper, unenforceable and violated Wyoming and Colorado law; and (2) the Court lacked authority to enforce an unserved out-of-state subpoena or order production of privileged documents from an out-of-state non-party. Attached to Centennial Peaks' motion was a copy of the subpoena Respondent mailed to Centennial Peaks and a copy of Centennial Peaks' July 7, 2021, email response informing Respondent of the numerous defects in the subpoena and the way it was served.

9. On November 17, 2021, Respondent filed a response to Centennial Peaks' motion, stating to the Court, "In light of Centennial Peaks' Motion, [Plaintiff] is now in the process of undertaking efforts to obtain a Colorado subpoena and/or seek the records from Mr. Sharpe, directly." Respondent requested that the Court "deny the Motion for Relief as moot."

3

10. On December 13, 2021, attorney Christopher J. King filed a "Notice of Substitution of Counsel," stating that he was entering an appearance on behalf of Ms. Evans "as substitute for [Respondent], effective immediately." Mr. King did not serve a Colorado subpoena on Centennial Peaks.

11. Respondent had a duty under Rule 3.3(a)(1), W.R.Prof.Cond., to not make a false statement of fact or law to the court. *See* comment [3] to Rule 3.3: "There are circumstances where the failure to make a disclosure is the equivalent of an affirmative misrepresentation." Respondent also had a duty under Rule 3.3(a)(2) to inform the court of legal authority in a controlling jurisdiction known to Respondent to be directly adverse to the position of Respondent's client and not disclosed by opposing counsel. There is clear and convincing evidence that Respondent failed in this duty with respect to her response to Spencer's motion to quash. Specifically, she did not inform the court that Centennial Peaks was an out-of-state facility, did not inform the court that she had not formally served Centennial Peaks with the subpoena, and did not inform the court of the specific legal and factual objections Centennial Peaks asserted with respect to the subpoena, including the fact that the subpoena was ineffective under Colorado law.

12. Under applicable ABA sanction standards, the presumptive sanction for Respondent's violations of Rule 3.3 is a suspension. Respondent knowingly and improperly withheld material information from the court, including failing to inform the court of controlling Colorado law of which Respondent was aware, and caused actual injury to the court, the parties and the administration of justice.

13. The Hearing Panel did not find believable Respondent's testimony that she did not inform the Court and counsel of the Centennial Peak's numerous objections to the subpoena because she forget she received the objections. Respondent refused to acknowledge any wrongdoing on her part. In addition to Respondent's long experience in the practice of law, these

4

are aggravating factors the Hearing Panel considered in determining the appropriate disciplinary sanction for Respondent.

14. On the other hand, the lack of any disciplinary history and Respondent's strong commitment to family law as well as community service are evidence of Respondent's good character. The Hearing Panel finds them worthy of significant weight as mitigating factors in determining a recommended sanction.

15. On balance, the Hearing Panel concludes that a public censure is the appropriate sanction for Respondent's professional misconduct.

16. Bar Counsel also contends that Respondent violated Rule 3.4 by proposing that Lily and Steven Sharpe agree not to be witnesses in the custody modification case. The Hearing Panel finds that there was not clear and convincing evidence presented in this regard. Accordingly, the allegations of the formal charge regarding Respondent's claimed violation of Rule 3.4 are hereby dismissed.

### Conclusions of law

17. Rule 3.3, W.R.Prof.Cond. (candor to the tribunal) provides in relevant part:

(a) A lawyer shall not knowingly:

> (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; [or]

> (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel ***

18. Rule 15(b)(3)(D), W.R.Disc.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:"

5

a. Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;

b. Whether the lawyer acted intentionally, knowingly, or negligently;

c. The amount of the actual or potential injury caused by the lawyer's misconduct; and

d. The existence of any aggravating or mitigating factors.

19. <u>First Factor: The Duty Violated.</u> Respondent's violations of Rule 3.3(a)(1) and (2) fall within Standard 6.1, "False Statements, Fraud and Misrepresentation."

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving conduct that is prejudicial to the administration of justice or that involves dishonesty, fraud, deceit, or misrepresentation to a court:

6.11 Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

6.12 Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

6.13 Reprimand [i.e., "public censure" under Rule 9(a)(3), W.R.Disc.P.] is generally appropriate when a lawyer is negligent either in determining whether the statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal system, or causes an adverse or potentially adverse effect on the legal proceeding.

6.14 Admonition [i.e., "private reprimand" under Rule 9(a)(4), W.R.Disc.P.] is generally appropriate when a lawyer engages in an isolated instance of neglect in determining whether the submitted statements or documents are false or in failing to disclose material information upon learning of its falsity, and causes little or no actual or potential injury to a party, or causes little or no adverse or potentially adverse effect on the legal proceeding.

6

20.   Second Factor: The Lawyer's Mental State.   The Preface to the ABA Standards includes the following discussion regarding mental state:

> The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

21.   Third Factor: Actual or Potential Injury.   Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

22.   Fourth Factor: Aggravating and Mitigating Factors.   ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1   *Generally*

> After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2   *Aggravation*

> 9.21   *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
>
> 9.22   *Factors which may be considered in aggravation.* Aggravating factors include:
>
> (a) prior disciplinary offenses;

7

(b) dishonest or selfish motive;

(c) a pattern of misconduct;

(d) multiple offenses;

(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

(g) refusal to acknowledge wrongful nature of conduct;

(h) vulnerability of the victim;

(i) substantial experience in the practice of law;

(j) indifference in making restitution; and

(k) illegal conduct, including that involving the use of controlled substances.

9.3 *Mitigation.*

9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32 *Factors which may be considered in mitigation.* Mitigating factors include:

(a) absence of a prior disciplinary record;

(b) absence of a dishonest or selfish motive;

(c) personal or emotional problems;

(d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the practice of law;

(g) character or reputation;

(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:

(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

(2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

8

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4 *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

## Recommendation

Based upon the foregoing findings of fact and conclusions of law, the Hearing Panel recommends that the Court:

1.     Issue an order of public censure of Respondent for violations of Rule 3.3(a)(1) and (2), W.R.Prof.Cond.

2.     Order Respondent to pay an administrative fee of $750.00 as well as properly certified costs of this proceeding to the Wyoming State Bar.

Dated this 12th day of January, 2023.

Debra J. Wendtland (Hearing Panel Chair)
Board of Professional Responsibility
Wyoming State Bar

9